FILED 10 JUN 23 15:49 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES BRIAN WRIGHT,

    Plaintiff,

v.

THE AMERICAN'S BULLETIN,

    Defendant.

No. CV 09-956-PK

OPINION AND ORDER

MOSMAN, J.,

On April 30, 2010, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#40) in the above-captioned case recommending, inter alia, that I deny several motions as moot now that the two individual defendants, Marianne McCutcheon and Robert Dean Kelly, have been dismissed from the case, and also recommending that I grant in part and deny in part plaintiff's motion for a default judgment against the corporate defendant, The American's Bulletin. (Request to Enter Default of The American's Bulletin (#21).) No defendant objected to the F&R. Plaintiff James Wright objected only to the portion of the F&R that recommends dismissing Mr. Wright's claim for breach of investment contract(s). (Objections (#45) 2.)

PAGE 1 - OPINION AND ORDER

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Papak's recommendation, including his finding that Mr. Wright's allegations "at most, permit the reasonable inference that [Mr. Wright] is an incidental beneficiary" of an investment contract between his grandmother and defendant American's Bulletin and is not entitled to enforce that contract. (*See* F&R (#40) 5, 11.) Accordingly, I ADOPT the F&R (#40) as my own opinion. Ms. McCutcheon's Motion to Dismiss (#17), Ms. McCutcheon's Motion for Sanctions (#18); Mr. Wright's Motion to Compel (#19); Mr. Wright's Request for Entry of Default and Motion for Default Judgment as to Ms. McCutcheon and Mr. Kelly ((#21), (#22)), Mr. Wright's Motion to Dismiss (#24), Mr. Wright's two motions to strike Ms. McCutcheon's motions ((#25), (#26)), and Ms. McCutcheon's motion to strike Mr. Wright's motion (#30) are DENIED AS MOOT. Mr. Wright's Motion for Appointment of Counsel (#3) and Mr. Wright's Motion for Preliminary Injunction (#7) are DENIED. Mr. Wright's Motion for

Entry of Default Judgment (#21) is GRANTED IN PART AND DENIED IN PART as to The American's Bulletin only. The motion is granted as to Mr. Wright's breach of contract claim for legal services and his defamation claim related to the letter sent to another inmate. The motion is denied as to Mr. Wright's remaining claims.

Plaintiff is HEREBY ORDERED to submit documentation explaining, in detail, how he calculated the amount of damages he seeks for his breach of contract and defamation claims against The American's Bulletin. (*See* Am. Compl. (#36) 47-48 (seeking $41,600 in compensatory and punitive damages for the breach of contract claim and $94,000 for the defamation claim).) Plaintiff shall file this documentation with the Court within 60 days of this Opinion and Order.

IT IS SO ORDERED.

DATED this 22 day of June, 2010.

MICHAEL W. MOSMAN
United States District Court