FILED'10 AUG 16 17:47USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES BRIAN WRIGHT,

    Plaintiff,

v.

AMERICAN'S BULLETIN, ROBERT DEAN KELLY, and MARIANNE McCUTCHEON,

    Defendants.

No. CV 09-956-PK

DEFAULT JUDGMENT AS TO THE AMERICAN'S BULLETIN **ONLY**

MOSMAN, J.,

    On June 23, 2010, I adopted Magistrate Judge Papak's Findings and Recommendation (#40) and granted Plaintiff Anthony Wright's motion for default judgment against The American's Bulletin ((#21), (#22)). (Op. & Order (#51).) I subsequently ordered Mr. Wright to explain how he calculated the damages he requested in his complaint. Mr. Wright submitted a written explanation on July 8, 2010. (Pl.'s Resp. (#52).) Based on that documentation, I find that Mr. Wright has sufficiently proven $15,750 in sum certain damages for his breach of contract claim against The American's Bulletin. (*See* Pl.'s Resp. (#52) 8; Ex. 1; Ex. 2.)

    Mr. Wright's defamation claim arises from a letter that The American's Bulletin sent to

PAGE 1    DEFAULT JUDGMENT AS TO THE AMERICAN'S BULLETIN **ONLY**

several third parties, including the Clerk of Court for the District of Oregon, the United States Marshals Service, and an individual who is apparently an inmate with Mr. Wright at the Federal Correctional Institution in Tucson, Arizona. (Pl.'s Resp. (#52) Ex. YY; Ex. ZZ.) The letter falsely stated that Mr. Wright owed $94,000 to The American's Bulletin, and it authorized the third-party recipients to collect that sum from him. Based on this letter, Mr. Wright claims $94,000 in damages because he believes he is entitled to the same amount of money that The American's Bulletin falsely stated he owed. (Pl.'s Resp. (#52) 11.) I disagree that this is an appropriate measure of damages for his claim. Therefore, I am left to determine a proper award of damages based on Mr. Wright's general allegations of emotional distress and damage to his reputation.

The American's Bulletin letter is mostly unintelligible, but it does convey a general impression that Mr. Wright owes The American's Bulletin $94,000 and has defaulted on those obligations. The statements are not of a type that would evoke strong feelings of "hatred, contempt or ridicule," however, nor would they tend to excite powerful "adverse, derogatory, or unpleasant feelings or opinions" against Mr. Wright. *See Marleau v. Truck Ins. Exchange*, 37 P.3d 148, 155 (Or. 2001) (explaining the characteristics of a defamatory statement). Although I accept that the letter may have injured Mr. Wright's reputation in some respects, particularly among other prison inmates, the damage to Mr. Wright's reputation within the judiciary and the United States Marshals Service, and among the public in general, is slight in relation to the damage inflicted by Mr. Wright's criminal convictions and imprisonment. Accordingly, I find that Mr. Wright is entitled to $5000 on his defamation claim, to compensate him for his emotional distress and the damage to his reputation. This award is also partly punitive in nature, in consideration of Mr. Wright's statement that he "sent two separate letters asking the defendant to retract the letter[] . . . but the defendant refused to comply," as well as strong indications that

the letter was written willfully in retaliation for a lawsuit Mr. Wright filed against The American's Bulletin a few weeks earlier. (Pl.'s Resp. (#52) 9-11.)

Finding no just reason for delay, IT IS HEREBY ORDERED AND ADJUDGED that The American's Bulletin shall pay plaintiff the amount of $20,750.00 in compensation for his breach of contract and defamation claims.

DATED this 16 day of August, 2010.

MICHAEL W. MOSMAN
United States District Court

PAGE 3    DEFAULT JUDGMENT AS TO
         THE AMERICAN'S BULLETIN **ONLY**